

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-19-00224-CV

WILLIAM PAUL BURCH, APPELLANT

V.

STATE BAR OF TEXAS
AND BOARD OF DISCIPLINARY APPEALS, APPELLEES

On Appeal from the 236th District Court
Tarrant County, Texas
Trial Court No. 236-304802-18, Honorable Tom Lowe, Presiding

February 19, 2020

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

This is a pro se appeal from two orders granting pleas to the trial court's jurisdiction. The State Bar of Texas and the Board of Disciplinary Appeals filed those pleas in response to the lawsuit initiated against them by William Paul Burch. The latter sued the former because he believed they improperly denied grievances filed against two attorneys. Those attorneys purportedly engaged in misconduct related to a bankruptcy proceeding in which Burch was involved. Thus, he filed grievances against the attorneys with the State Bar. Ultimately, those grievances were dismissed, and Burch's appeal of

the dismissals was denied by the Board of Disciplinary Appeals. So, Burch sued the Bar and Board for dismissing the grievances. The relief sought included, among other things, monetary damages exceeding $1,000,000, reconsideration of the grievances, "[t]ermination of all people involved with the decisions in these cases," and "[r]eversal of all statutes of the Texas Supreme Court that allow lawyers to lie, misrepresent the facts . . . or not properly present a law, statute, or rule by editing out or adding to the wording." Though five issues are raised, only several were briefed. Of those briefed, the argument underlying them pertained to whether the Bar and Board were entitled to immunity because they were either private or public corporations. We affirm.[1]

Via their respective pleas to the trial court's jurisdiction, both the Bar and Board contended that they were immune from suits of this ilk. They are correct. The "State Bar—including the [Texas] Commission [for Lawyer Discipline] and staff members . . . are protected from suits for actions taken during disciplinary proceedings by absolute and unqualified immunity." *Crampton v. Farris*, No. 01-18-00432-CV, 2019 Tex. App. LEXIS 10265, at *11 (Tex. App.—Houston [1st Dist.] Nov. 26, 2019 no pet. h.) (mem. op.); *Laubach v. State Bar of Tex.*, No. 03-00-00282-CV, 2000 Tex. App. LEXIS 7563, at *3–4 (Tex. App.—Austin Nov. 9, 2000, no pet.) (not designated for publication); *accord* TEX. RULES DISCIPLINARY P. 17.09 (stating that "[n]o lawsuit may be instituted against any Complainant or witness predicated upon the filing of a Grievance or participation in the attorney disciplinary and disability system. All members of the Commission, the Chief Disciplinary Counsel (including Special Assistant Disciplinary Counsel appointed by the

---

[1] Because this appeal was transferred from the Second Court of Appeals, we are obligated to apply its precedent when available in the event of a conflict between the precedents of that court and this Court. *See* TEX. R. APP. P. 41.3.

Commission and attorneys employed on a contract basis by the Chief Disciplinary Counsel), all members of Committees, all members of the Board of Disciplinary Appeals, all members of the District Disability Committees, all officers and Directors of the State Bar, and the staff members of the aforementioned entities are immune from suit for any conduct in the course of their official duties. The immunity is absolute and unqualified and extends to all actions at law or in equity."). Moreover, the immunity is akin to absolute prosecutorial immunity. *Crampton*, 2019 Tex. App. LEXIS 10265, at *11. So too may it be raised through a plea to the trial court's jurisdiction. *Id.* at *18.

Given that Burch sued the Bar and Board for action taken during a lawyer disciplinary proceeding, the two entities were absolutely immune from it. Thus, the trial court did not err in granting their pleas to its jurisdiction.

We affirm the orders granting the pleas to the jurisdiction and dismissing the lawsuit of William Paul Burch against the State Bar of Texas and the Board of Disciplinary Appeals.

Brian Quinn
Chief Justice

3